J-S60008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTER C. BUCHER, SR. | |
| Appellant | No. 508 MDA 2014 |

Appeal from the PCRA Order January 8, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000017-2008
CP-22-CR-0005666-2008

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                                    **FILED MARCH 04, 2015**

Lester C. Bucher, Sr., appeals *pro se* from the order[1] entered in the

Dauphin County Court of Common Pleas, dated January 8, 2014, dismissing

his first petition filed under the Post-Conviction Relief Act ("PCRA"),[2] without

_____

[1] Bucher's notice of appeal purports to appeal from the February 25, 2014, order denying his January 21, 2014, and February 6, 2014, identical filings that were styled as "Application for Order Mandating Court Stenographer to furnish transcripts, Notes of testimony in Forma Paperis [sic]." However, as will be discussed in more detail *infra*, Bucher actually seeks relief from the denial of his PCRA petition. Moreover, we note that in a PCRA proceeding, the final, appealable order is the grant or denial of PCRA relief. **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). Therefore, we have amended the caption accordingly.

[2] 42 Pa.C.S. §§ 9541-9546.

a hearing. Bucher was sentenced to an aggregate term of 90 to 180 months' imprisonment imposed on December 6, 2012, following revocation of his probation. On appeal, he claims his sentence is illegal because the revocation court imposed certain counts consecutive to one another when his original judgment of sentence had provided that those counts be served concurrently. Based on the following, we affirm.

The PCRA court set forth the underlying procedural history[3] as follows:

> [Bucher] is currently incarcerated in a state correctional institution following guilty pleas and corresponding sentencing proceedings at [Docket Nos. 0017 CR 2008 and 5666 CR 2008].

> On October 9, 2008, [Bucher] was sentenced into the Drug Court Program at Docket No. 0017 CR 2008. [Bucher] received a sentence of 36 months intermediate punishment with the first [eight] months restrictive wearing an ankle monitor.

> On September 9, 2010, [Bucher] was sentenced at Docket No. 5666 CR 2008 on five counts and received 60 months intermediate punishment on all counts concurrent with each other, and concurrent to 0017 CR 2008 pursuant to a plea agreement.

> On December 6, 2012, a revocation of probation hearing was held and [Bucher]'s probation sentence at Docket No. 5666 CR 2008 was revoked. At the revocation hearing this Court determined that [Bucher] had violated Drug Court rule number three by pleading guilty to receiving stolen property at Docket No. 4327 CR 2011, for which he was sentenced to one to three years in a state correctional institution. [Bucher] was also revoked for failing to make payments on his fines, and being sanctioned four times while in the program.

---

[3] The underlying factual history is not pertinent to this appeal and therefore, we need not reiterate it herein.

- 2 -

At Docket No. 5666 CR 2008, [Bucher]'s probation was revoked and he was removed from the Drug Court Program. Mr. Bucher was resentenced to the following:

Count 1: 30-60 months in state prison;
Count 8[2]: 30-60 months consecutive to Count 1;
Count 15[3]: 30-60 months consecutive to Count 8;
Count 22[4]: 30-60 months concurrent to Count 15;
Count 29[5]: 30-60 months concurrent to Count 22.[6]

---

[2] For purposes of resentencing, Counts 2-7 merged with Count 1.

[3] For purposes of resentencing, Counts 9-14 merged with Count 8.

[4] For purposes of resentencing, Counts 16-21 merged with Count 15.

[5] For purposes of resentencing, Counts 23-28 merged with Count 22.

[6] For purposes of resentencing, Counts 30-56 merged with Count 29.

---

Additionally, at Docket No. 0017 CR 2008, [Bucher's probation] was revoked and resentenced to: Count 1, 18-36 months concurrent with 5666 CR 2008 Count 3.

The aggregate incarceration imposed at resentencing was 90-180 months of incarceration with time credit of 15 months 6 days at Docket 5666 CR 2008 and 18 months 6 days at Docket No. 17 CR 2008.

[Bucher did not file a direct appeal]. On April 17, 2013, [Bucher] filed a *pro se* petition under the Post-Conviction Relief Act, 42 Pa.CS. § 9541 et. seq. In accordance with [Bucher]'s request, on May 13, 2013, this court appointed Roy Galloway, Esquire as PCRA counsel. On July 15, 2013, Attorney Galloway, after a careful review of [Bucher]'s claims under the PCRA, filed a Motion to Withdraw under the Post-Conviction Relief Act. On July 15, 2013[,] Counsel also served on [Bucher] a copy of his

Motion to Withdraw and a copy of a Turner/Finley "No merit letter."[7] Petitioner subsequently filed an "Objection to Notice of Intent to Dismiss" on August 13, 2013.[8] Despite the fact that the objections were filed prematurely as this Court had not yet issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, this Court had taken [Bucher]'s objections into consideration as part of its required independent judicial review.

---

[7] Commonwealth v. Turner, 544 A.2d 927 (1988), Commonwealth v. Finley, 550 A.2d 213 (1988).

[8] [Bucher] has also made multiple applications requesting that transcripts and other court documents be furnished to him. As he is proceeding *in forma pauperis*, with appointed counsel, and transcripts have been provided to counsel, [Bucher] must contact PCRA counsel with his requests for copies of transcripts and other documents which he seeks.

---

PCRA Court Opinion, 12/18/2013, at unnumbered 1-3.

On December 18, 2013, the PCRA court granted counsel's motion and entered a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Bucher filed no further response. On January 8, 2014, the PCRA court dismissed Bucher's petition. Bucher then filed a series of *pro se* motions, including an application for leave to appeal *in forma pauperis* ("IFP"), and identical filings that were styled as "Application for Order Mandating Court Stenographer to furnish transcripts, Notes of testimony in Forma Paperis [sic]." The PCRA court denied both the motion to proceed IFP

on February 3, 2014, and the requests for transcripts on February 25, 2014. Bucher then filed a notice of appeal on March 17, 2014.[4]

Before we consider the merits of this appeal, we must determine whether it is timely filed, as the timeliness of the filing of the notice of appeal implicates this Court's jurisdiction. **See Commonwealth v. Willis**, 29 A.3d 393, 395 (Pa. Super. 2011); **see also** Pa.R.A.P. 903(a) (stating a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken). Here, the PCRA court dismissed Bucher's petition on January 8, 2014. Bucher did not file his notice of appeal until March 17, 2014, well after the 30-day period had expired. On May 8, 2014, this Court issued a rule to show cause why the appeal should not be quashed as untimely. **See** Order, 5/8/2014 (per curiam). Bucher filed a response, asserting he attempted to file a notice of appeal in the PCRA court on January 15, 2013, but the court had refused to accept and docket it because Bucher had not been determined to be IFP. Bucher included documentation that supported his assertions.[5] Indeed, on February 12, 2014, the Dauphin County Clerk of Courts did not accept the notice of

---

[4] On March 21, 2014, the PCRA court ordered Bucher to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bucher filed a concise statement on April 4, 2014. The PCRA court sent a letter to this court on May 5, 2014, adopting its December 18, 2014, opinion as comprehensive pursuant to Pa.R.A.P. 1925(a).

[5] Bucher included a cash slip demonstrating that he filed a timely notice of appeal.

- 5 -

appeal, commenting that because the IFP status was denied, the notice was returned.

We note that pursuant to Pennsylvania Rule of Appellate Procedure, the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa. R.A.P. 902. Moreover, Pennsylvania case law has determined that "a defective but timely notice of appeal is nevertheless timely." **Commonwealth v. Williams**, ___ A.3d ___, 2014 Pa. LEXIS 1843, *5 [694 CAP 2014] (Pa. July 21, 2014). **See also Commonwealth v. Willis**, 29 A.3d 393, 395-396 (Pa. Super. 2011) (holding a prothonotary, and likewise a clerk of courts, lacks the authority to reject, as defective, a timely notice of appeal).

In accordance with **Willis** and **Williams**, the Dauphin County Clerk of Courts should have "time-stamped [Bucher]'s timely, albeit defective, *pro se* notice of appeal . . . and then informed [Bucher] of the errors in that document." **Willis**, 29 A.3d at 396. Accordingly, we consider this appeal as timely filed.

In his sole issue on appeal,[6] Bucher alleges he is serving an illegal sentence because the revocation court imposed a consecutive sentence

---

[6] In Bucher's Amended Brief, dated July 31, 2014, Bucher includes two new issues in his statement of questions involved that he did not identify in his original brief: (1) the trial court violated his constitutional rights when it failed to disclose to him that the court could change the sentencing structure from concurrent to consecutive if he violated his probation, and (2) the court
*(Footnote Continued Next Page)*

when his original plea agreement was for a concurrent sentence. ***See*** Bucher's Amended Brief at 9-13.[7] He relies on ***Commonwealth v. Anderson***, 643 A.2d 109 (Pa. Super. 1994), and ***Commonwealth v. Adebaike***, 846 A.2d 759 (Pa. Super. 2004), to support his argument.[8]

Our well-settled standard of review is as follows: When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record."

---

*(Footnote Continued)*

violated his constitutional rights when it did not follow Pennsylvania Rules of Criminal Procedure 704(a) and (b) at the time of sentencing. ***See*** Amended Brief at 6. However, Bucher has not preserved these issues for appellate review because he did not include them in his concise statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Moreover, Bucher did not raise these claims with the PCRA court and therefore, they are waived on additional grounds. ***See*** ***Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa. Super. 2008). ("The Pennsylvania Rules of Appellate Procedure specify that issues that are not first raised in the trial court are waived on appeal. ***See*** Pa.R.A.P. 302(a). Even issues of constitutional dimension cannot be raised for the first time on appeal.").

[7] ***See also*** 42 Pa.C.S. § 9543(a)(2)(vii).

[8] Both ***Anderson*** and ***Adebaike*** held that a trial court was without authority to alter the sentencing scheme from concurrent to consecutive sentences.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

As indicated by the PCRA court,[9] the Sentencing Code provides that a court may revoke a defendant's probation and resentence him, in pertinent part, based on the following:

> (b)  Revocation. -- The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.  Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

> (c)  Limitation on sentence of total confinement. -- The court shall not impose a sentence of total confinement upon revocation unless it finds that:

>> (1) the defendant has been convicted of another crime[.]

42 Pa.C.S. § 9771.  Here, while on probation at Docket Nos. 0017 CR 2008 and 5666 CR 2008, Bucher pled guilty to receiving stolen property at Docket No. 4327 CR 2011.  Therefore, he qualified under the Sentencing Code to be resentenced to total confinement as part of the revocation.

Moreover, as the PCRA court opined:

> [PCRA counsel] posits that the cases upon which [Bucher] relies for his argument that this Court illegally sentenced him to consecutive sentences when his original plea bargain provided for concurrent sentences, <u>Anderson</u> and <u>Adebaike</u>, have been overruled by the Pennsylvania Supreme Court in the case of <u>Commonwealth v. Wallace</u>, 870 A.2d 838 (Pa. 2005).  We agree. The Supreme Court in <u>Wallace</u> explicitly stated the following:

---

[9]  ***See*** PCRA Court Opinion, 12/18/2013, at unnumbered at 4.

It is clearly stated in the Sentencing Code not only that the court may revoke a defendant's probation if appropriate, but also that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S. § 9771 (emphasis added). Likewise, this Court has explicitly stated that "upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing." Commonwealth v. Pierce, 497 Pa. 437, 441 A.2d 1218, 1219 (Pa. 1982). As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

Commonwealth v. Wallace, 582 Pa. 234, 241-42, 870 A.2d 838, 842-43 (2005) (internal footnotes omitted).

PCRA Court Opinion, 12/18/2013, at unnumbered at 4-5.

We find that the PCRA court accurately disposes of this claim. *Wallace* is directly on point in this matter and controls the sole issue raised by Bucher on appeal.[10] Therefore, Bucher's sentence was not illegal as the revocation court was not restricted by the prior negotiated plea agreement

---

[10] Moreover, we note that in *Wallace*, the Supreme Court held that a panel of this Court erred in relying on *Anderson* and instead should have affirmed the trial court's judgment of sentence, which was consecutive terms of imprisonment, even though the defendant's negotiated plea had contemplated only concurrent sentences. *Wallace*, 870 A.2d at 844.

and could imposed consecutive sentences. Accordingly, we conclude that the PCRA court properly denied Bucher's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015